IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RANDY A. MALONE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:14-CV-85-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUE

**Whether the ALJ's determination at step 5 that jobs exist in significant numbers in the national economy that Plaintiff can perform is properly supported by substantial evidence in the form of testimony from the VE.**

### Administrative Proceedings

Plaintiff applied for disability insurance benefits and supplemental security income on February 4, 2011, alleging disability as of May 17, 2007.  Tr. 13, ECF No. 13-2.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ").  The ALJ conducted a hearing on November 13, 2012 and a supplemental hearing on March 1, 2013.  *Id*.  Following the hearing, the ALJ issued an unfavorable decision on May 24, 2013.  Tr. 13-24.  The Appeals Council ultimately denied Plaintiff's Request for Review on July 22, 2014. Tr. 1-3.  This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity as defined by the Act since the alleged onset date.  Tr. 15.  The ALJ found that Plaintiff had the severe impairments of degenerative joint disease of the left shoulder status post three surgeries, obesity, status post club foot repair as a child, degenerative disc disease of the cervical and lumbar spine, and depression.  *Id*.  The ALJ then determined that Plaintiff had no impairments or combination of impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*.

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity to perform a limited range of light work with certain exertional and nonexertional limitations. Tr. 17. Of particular consequence to these proceedings, the ALJ found that:

> [Plaintiff's] ability to perform the full range of light work is compromised because [his] left upper extremity, which is nondominant, is limited to pushing, pulling or lifting no more than 10 pounds on its own. In addition, the left upper extremity cannot engage in overhead reaching and can only occasionally be placed in front of him or laterally, such as on a table. Further, the left upper extremity should only be used occasionally for handling or fingering.

Tr. 17. Plaintiff had a wide variety of past relevant work but the ALJ found that he could not return to his past relevant work. Tr. 22. Plaintiff was a younger individual at age 47 on the alleged disability onset date, but subsequently changed age category to closely approaching advanced age. *Id*. Plaintiff has at least a high school education and the ability to communicate in English.

The ALJ found that if Plaintiff had the RFC to perform the full range of light work, the Medical-Vocational Rules (Grids) would direct a finding of "not disabled" per Rules 202.20 and 202.13. However, because Plaintiff's ability to perform all or substantially all of the requirements of light work has been impeded by additional limitations, the ALJ asked the VE whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. The ALJ found that the VE's testimony supported a finding that Plaintiff can perform the requirements of subassembly of electric equipment (DOT # 729.684-054), assembly of molded frames in the optical goods industry (DOT # 713.684-014), and marker of garments (DOT #

5

781.687-042) and that this work exists in significant numbers in the national economy. The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from May 17, 2007 through the date of the decision. *Id.*

## DISCUSSION

In his brief on appeal, Plaintiff asserts one contention of error on the part of the ALJ. Plaintiff contends that the ALJ erred in relying on the VE's testimony as support for the step 5 finding that Plaintiff can perform the jobs cited because the ALJ's hypothetical question did not adequately take into account the left arm limitations that he later imposed in the RFC. Pl.'s Br. 13, ECF No. 15. The Commissioner responds that Plaintiff has not shown that the hypothetical question was inadequate or put forth any evidence other than speculation that Plaintiff is incapable of performing the jobs that the VE testified Plaintiff could perform. Comm'r's Br. 7, ECF No. 16.

The burden of proof at step 5 is critical to the determination in this case. Once the plaintiff proves that he can no longer perform his past relevant work, the burden shifts to the Commissioner "to show the existence of other jobs in the national economy which, given the [plaintiff's] impairments, the [plaintiff] can perform." *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987). Where the Medical-Vocational Guidelines (Grids) do not provide a definitive result based on the plaintiff's specific profile, the Commissioner's preferred method of demonstrating that he can perform other jobs is through the testimony of a VE. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the plaintiff's impairments. *See generally McSwain v.*

*Bowen,* 814 F.2d 617, 619–20 (11th Cir. 1987). Once the Commissioner shows that jobs exist in substantial numbers in the national economy that the plaintiff can perform, the burden shifts back to the plaintiff to show that he cannot perform the suggested jobs. *Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005); *Long v. Shalala*, 902 F. Supp. 1544, 1546 (M.D. Fla. 1995).

As stated above, the ALJ limited Plaintiff's RFC with regard to the use of his left arm to "only occasionally be placed in front of him or laterally, such as on a table." Tr. 17. The issue in this case is whether the ALJ's hypothetical to the VE, which resulted in testimony that Plaintiff could perform the three jobs outlined, adequately described this limitation. The hypothetical stated that Plaintiff "[c]an occasionally put it [his left arm] in front of him and laterally. He can work at a table. That's okay." Tr. 83. Plaintiff argues that the phrasing of the question to the VE implies that Plaintiff can use his left arm at a table unrestricted, but the RFC limits this to only "occasionally." In response to a different hypothetical posed by Plaintiff's attorney, the VE testified that Plaintiff could not do those jobs if he could not hold his hands in front of him on a table for extended periods of time. Tr. 87-88. However, he also said that if Plaintiff "can use both hands, with one simply holding an item . . . not doing anything else and do the fitting with his dominant hand or the placement of the item in the correct place, if he can do that, he can perform those jobs." Tr. 88.

Although potentially vague, the ALJ's hypothetical to the VE adequately takes the occasional use of Plaintiff's left arm at a table into account, and therefore the VE's testimony that there are jobs in the national economy that such a hypothetical individual

7

could perform constitutes substantial evidence to support the ALJ's determination. The burden is on Plaintiff to prove that he cannot perform the jobs that the VE testified a hypothetical person with Plaintiff's same profile and characteristics could perform. Plaintiff argues that the VE's testimony in response to the attorney's question shows that he cannot perform these jobs and that the VE's testimony is in conflict with the Dictionary of Occupational Titles' definition of the three jobs. However, none of the definitions specifies that a person must be capable of more than occasional use of the nondominant arm at a table in order to perform them, and the ALJ was permitted to rely on the VE's testimony that Plaintiff would be able to perform those jobs. Plaintiff did not put forth any evidence to the contrary, and therefore his contention of error is without merit.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 31st day of March, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE